IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TROY GABRIELSON, et al., | No. CIV S-09-0538-MCE-CMK |
| Plaintiff, | |
| vs. | |
| UNITED STATES POSTAL SERVICE, et al., | ORDER SETTING SETTLEMENT CONFERENCE |
| Defendants. | May 30, 2013 at 1:00 p.m. |
| / | |

On April 9, 2013, the court issued a minute order requiring the parties to meet and confer to determine whether participation in a mediation would be beneficial. (Doc. No. 52). On May 8, 2013, Jonathan Paul (attorney for Troy Gabrielson), provided a report via email to the court's ADR coordinator, stating the parties conferred regarding settlement and are amenable to a settlement conference. Therefore, this case will be set for a settlement conference before the undersigned at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #9 on May 30, 2013 at 1:00 p.m.

In accordance with the above, IT IS HEREBY ORDERED that:

1. This case is set for a settlement conference before the undersigned on May 30, 2013, at 1:00 p.m. at the U. S. District Court, 501 I Street, Sacramento, California 95814 in Courtroom #9.

1

2. Parties are required to file a signed Waiver of Disqualification, or notice of non-waiver of disqualification, no later than May 23, 2013.  If parties file a notice of non-waiver of disqualification, a randomly selected Magistrate Judge will conduct the settlement conference on a date and time to be determined by the court.

3. Each party shall have a representative with full and unlimited authority to negotiate and enter into a binding settlement agreement attend in person.[1]

4. Those in attendance must be prepared to discuss the claims, defenses and damages.  The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions.  In addition, the conference will not proceed and will be reset to another date.

5. Each party shall provide a confidential settlement conference statement to Sujean Park, 501 I Street, Suite 4-200, Sacramento, California 95814, or via e-mail at spark@caed.uscourts.gov, so they arrive no later than May 23, 2013 and file a Notice of Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).

Settlement statements **should not be filed** with the Clerk of the court **nor served on any other party**.  Settlement statements shall be clearly marked "confidential" with the date

---

[1] While the exercise of its authority is subject to abuse of discretion review, "the district court has the authority to order parties, including the federal government, to participate in mandatory settlement conferences... ." United States v. United States District Court for the Northern Mariana Islands, 694 F.3d 1051, 1053, 1057, 1059 (9th Cir. 2012)("the district court has broad authority to compel participation in mandatory settlement conference[s]."). The term "full authority to settle" means that the individuals attending the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. G. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989), cited with approval in Official Airline Guides, Inc. v. Goss, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. Pittman v. Brinker Int'l., Inc., 216 F.R.D. 481, 485-86 (D. Ariz. 2003), amended on recon. in part, Pitman v. Brinker Int'l, Inc., 2003 WL 23353478 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. Pitman, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. Nick v. Morgan's Foods, Inc., 270 F. 3d 590, 596-97 (8th Cir. 2001).

and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than five pages** in length, and include the following:

    a. A brief statement of the facts of the case.

    b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

    c. A summary of the proceedings to date.

    d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

    e. The relief sought.

    f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

    g. A brief statement of each party's expectations and goals for the settlement conference.

DATED: May 15, 2013

                                                                                    **CRAIG M. KELLISON**
                                                                                     UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

TROY GABRIELSON, et al.,                     No. CIV S-09-0538-MCE-CMK

        Plaintiff,

vs.

UNITED STATES POSTAL SERVICE, et al,         Waiver of Disqualification

        Defendants.
_____/

       Under Local Rule 270(b) of the Eastern District of California, the parties to the herein action affirmatively request that Magistrate Judge Craig M. Kellison participate in the settlement conference scheduled for May 30, 2013. To the extent the parties consent to trial of the case before the assigned magistrate judge, they waive any claim of disqualification to the assigned magistrate judge trying the case thereafter.

                                    By: _____
                                          Attorney for Plaintiff

                                    Dated:_____


                                    By: _____
                                          Attorney for Defendant

                                    Dated:_____